UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISON

| | |
|---|---|
| TRACY LAVET PAYTON | CIVIL ACTION NO. 3:10-cv-1119 |
|        LDOC #435055 | |
| VS. | SECTION P |
| | |
| | JUDGE ROBERT G. JAMES |
| MOREHOUSE PARISH JAIL | |
| ANNEX, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

<u>REPORT AND RECOMMENDATION</u>

*Pro se* plaintiff Tracy Lavet Payton, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 30, 2010. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC); he is incarcerated at the Morehouse Parish Jail Annex (MPJA), Bastrop, Louisiana. Plaintiff complains that he was injured when he fell from a ladder while assigned to a prison work detail at a nearby school. He sued Morehouse Parish Sheriff Mike Tubbs, MPJA Warden Billy Harrison, Lt. Thomas Lord, and Assistant Warden Isaac Brown because "... there has been no action taken..." on their parts since the accident. Plaintiff prays for "... compensation for his injuries, pain and suffering and missed opportunities for work-release..."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

*Background*

On July 27, 2009, plaintiff was painting classrooms at the South Side Elementary School as

part of a prison work detail. Plaintiff fell from a ladder. Freddie Clark, an employee of the Morehouse Parish School Board, was supervising the detail; he contacted a Cpl. Stan Neathery at the MPJA and Neathery in turn contacted Lt. Lord and advised him of the accident. Lord arrived at the scene and observed plaintiff sitting on a couch. According to Lord, plaintiff "... got up and walked to me. Inmate Payton stated his neck and head was hurting." [Doc. #1, p. 12] Lord then advised Assistant Warden Brown of the accident and Brown advised Lord to transport plaintiff to the main jail to be examined by the jail nurse. Plaintiff was taken to the jail where he waited approximately 30 minutes to see the nurse who was on her lunch break when he arrived.

Nurse Hicks examined plaintiff, obtained a history, and then referred plaintiff to the LSU Medical Center at the E.A. Conway Hospital. Plaintiff had to wait another 30 to 40 minutes before he was transported to the hospital.

Plaintiff complains that "[t]here has been no attempt to contact me concerning the matter of my accident." He believes that he "... should be compensated in some manner..." because he "... was a prisoner who was housed at their facility at [the] time of the accident..." and "[t]hey should be held responsible for [his] safety and well being."

With regard to treatment he received after the accident, he complained that his two requests for an extra mattress and pillow were denied. Plaintiff was also advised that he was no longer eligible for work-release because he could not work.

Plaintiff submitted a grievance on April 27, 2010, complaining of "unfair treatment." He alleged, "In the matter regarding my accident July 27, 2009, I feel that I, Tracy L. Payton 435055 have been ignored other than medical there hasn't been any attempt to talk with me about my well being, or to see if there was anything that I wanted to discuss about my accident. I believe that I've

been treated unfairly in this matter and that my desire to be compensated for my injuries, pain and suffering, mental anguish and loss of any opportunities of gainful employment since my accident have been completely ignored. I wish to speak with someone in administration about this matter." [Doc. #1, p. 11]

### Law and Analysis

### 1. Screening

When a prisoner files a complaint in a civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the district court is obliged to review the complaint as soon as is feasible and to dismiss the case if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C.A. §§ 1915 and 1915A; see also 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, falls to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted).

A civil rights plaintiff must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47

3

F.3d 1427, 1433 (5th Cir.1995).

Plaintiff's complaints and exhibits present the best case which could be presented by plaintiff under the circumstances. The undersigned is convinced that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and, giving plaintiff the benefit of every doubt, the undersigned concludes, for the reasons stated hereinafter, that his complaint should be dismissed with prejudice as frivolous.

## 2.  Constitutional Violation

Plaintiff seeks relief pursuant to 42 U.S.C. §1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).[1]

The deprivation must be intentional, as negligent conduct cannot serve as the basis for a § 1983 claim. See *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir.1986) (citing *Davidson v. Cannon*, 474 U.S. 344 (1986); *Daniels v. Williams*, 474 U.S. 327 (1986)).  Plaintiff has alleged no Constitutional violation; nor has he alleged ANY fault on the part of the defendants.  Indeed, his grievance complained only of being ignored.[2]  Plaintiff's claim is frivolous.

---

[1] Section 1983 provides in pertinent part, "Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...." 42 U.S.C. § 1983.

[2] Plaintiff has not alleged that he was denied appropriate medical treatment for his injury. Indeed, plaintiff admitted that he was promptly examined and sent to a nearby medical center where he apparently obtained treatment. He has not alleged any fault on the part of the medical staff at his prison and, in his April 27, 2010, grievance he stated that "... other than medical there hasn't been any attempt to talk with me about my well being..." [Doc. #1, p. 11]

Plaintiff implies that he has been wrongly disqualified from participating in the work-release program.  Plaintiff has neither a liberty nor property interest in the work release program and therefore any claim to the contrary is frivolous.

In *Welch v. Thompson*, 20 F.3d  636 (5th Cir. 1994),  the Fifth Circuit determined that La. R.S.15:1111, the statute which authorizes the LDOC's work-release program – entrusts the actual operation of the work release program to the LDOC.  The court further determined that the statute does not dictate to the LDOC who it must put on work release. In short, the Fifth Circuit has held that "...La. R.S.15:1111 <u>does not create a liberty interest</u> subject to the Due Process Clause." *Welch v. Thompson*, 20 F.3d  636, 644 (5th Cir. 1994). The statute is virtually identical to La. R.S.15:711 which authorizes Parish Sheriffs to establish work-release programs such as the program operated in Morehouse Parish.  Indeed, the latter statute also provides, "<u>Each sheriff</u> shall establish written rules for the administration of the work release program and <u>shall determine those inmates who may participate in the release program</u>..." Since the statutes are virtually identical in substance, it is safe to conclude that R.S.15:711, like its LDOC counterpart, R.S.15:1111, also does not create a liberty interest subject to the Due Process Clause.

Since the statute does not create a protected liberty interest for eligible prisoners, there can be no deprivation of a liberty interest protected by the due process clause of the Constitution, and therefore plaintiff cannot show that his rights to due process have been violated.

To the extent that plaintiff also implies that he was deprived of a "property interest" as opposed to a liberty interest in violation of the due process clause, such an argument also lacks an arguable basis in law and fact.  In *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), the Supreme Court concluded that in order to have a property interest in a

5

benefit, a person must have more than a "unilateral expectation" of it.  Rather, he must "have a legitimate claim of <u>entitlement</u> to it." *Id.* (emphasis supplied).    Thus, the "property interest" protected by the due process clause of the Fourteenth Amendment is defined by the concept of "entitlement," which in turn describes "the security of interests that a person has already acquired in specific benefits." *Id.* at 576, 92 S.Ct. at 2708. In other words, a person's interest in a benefit is a property interest only "if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit..." *Evans v. City of Dallas*, 861 F.2d 846, 848 (5th Cir. 1988). Plaintiff can point to no rule or understanding which entitles him to participate in the program. Indeed, the Fifth Circuit has previously held that prisoners have no property interest work-release employment. *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48 (5th Cir.1995). Plaintiff is not constitutionally entitled to participate in the Louisiana work-release program and therefore to the extent that he implies that he was denied either a liberty interest or a property right in violation of the Due Process Clause, such claims are subject to dismissal as frivolous.

### Conclusion and Recommendation

Plaintiff's complaints and exhibits do not allege or establish a violation of the Constitution or laws of the United States.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to

another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, August 26, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE